## In re SHEPOKA.

District Court, D. Nebraska, Omaha Division. April 26, 1929.

No. 3958.

G. N. Anderson, of Fullerton, Neb., for bankrupt.

1012

August Wagner, of Columbus, Neb., for trustee.

Kelsey & Kelsey, of Norfolk, Neb., for Kemp.

WOODROUGH, District Judge. The referee in bankruptcy sustained the lien of a landlord's mortgage upon growing crops as against the trustee, and the trustee brings the order here for review.

The evidence shows that the bankrupt, on taking a year's lease for a farm, agreed in the lease that he would, after planting, give a rent mortgage on the contemplated crops. The lease was not recorded. The mortgage was duly executed after the crops were planted, and it was recorded, but within four months of bankruptcy. The bankrupt was undoubtedly insolvent at the time of the recording of the mortgage, and probably at all times herein mentioned. The referee did not find that the landlord had reason to believe the tenant was insolvent at the time the mortgage was given and recorded, but it appears clear to me that the landlord had every reason to so believe. The landlord knew that the tenant had had great difficulty in paying the preceding year's rent after it was due; that he owed on his personal property as much as he could get out of it; that the bank would not let him have any money; and that he owed other debts he could not pay. It was apparent to the landlord that the taking of the mortgage put him ahead of the other creditors of the tenant, and would give him a preference over them. It seems equally clear that a chattel mortgage which represents a preference when taken is of no avail against the trustee in bankruptcy, if not recorded within four months of bankruptcy. Section 60a, Bankruptcy Act, as amended by Act May 27, 1926, § 14; 11 USCA § 96(a).

But the real question is whether there was present or future consideration for the chattel mortgage transfer made by the tenant to the landlord at the time it was made. 2 Collier on Bankruptcy (13th Ed.) p. 1278. If there was, the recording statutes are not to be applied so as to materially alter the character of the transaction. In re Jackson Brick & Tile Co. (D. C.) 189 F. 636. It seems plain that there was such present and future consideration. The stipulation that the tenant would execute the mortgage upon the crop when planted was a condition which had to be performed by the tenant to enable him to continue to hold possession of the premises. It was not different in substance from his agreement to pay specific installments of the rent.

In the Bankruptcy of Theodore C. Bowles, No. 3593,[1] Omaha Division, Nebraska District, the landlord's lease gave him a lien for rent, and the landlord did not record it until bankruptcy of the tenant was imminent and but a few days prior thereto. Several months back rent was then overdue. It was held the demise of the leasehold estate constituted a consideration for the lessee's undertaking to pay rent, 35 Corpus Juris, § 397, p. 1145, and there were both present and future consideration for the mortgage lien which became effective on failure to pay the installments of rent. It is the same in this case. The occupancy by the tenant of the landlord's farm existed at the time the mortgage transfer of the crop was made. In consideration of the transfer, the occupation was continued up to the time of the hearing before the referee.

The decision and order of the referee establishing the lien ahead of the trustee in bankruptcy was right, and is affirmed.

It follows also that the collection by the landlord of certain proceeds of the crops under his mortgage was justified.

The clerk will enter order of affirmance, allowing exceptions.

[1] Referee's opinion.